# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael D. James, #294004, ) | Civil Action No. 9:14-4518-TLW-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| Daniel Cotter, D. Burcinski and S. Duffy, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action was originally filed by the Plaintiff in the South Carolina Court of Common Pleas, Greenville County, and was subsequently removed to this Court by the Defendants pursuant to 28 U.S.C.§ 1446 on the grounds that the Plaintiff asserts claims for violations of his federal constitutional rights. Plaintiff has now filed an Amended Complaint in which he alleges that the Defendants violated his constitutional rights by improperly handling his personal property and legal documents. See generally, Plaintiff's Amended Complaint.

The pro se Plaintiff has also filed a motion for summary judgment with the Court, in which he essentially reiterates the allegations of his Complaint. However, this motion was filed prior to Plaintiff even submitting his Amended Complaint. Further, although Plaintiff's Amended Complaint is verified, and therefore may be considered as an affidavit with respect to the allegations contained therein that are based on personal knowledge; see Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); Plaintiff is not entitled to summary judgment at this early stage of the proceedings.



1

Summary judgment shall be rendered only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The undersigned cannot make such a finding in this case at this early stage of the proceedings, as the Defendants have not even had an opportunity to file a responsive pleading to the amended Complaint, nor has any discovery been conducted or evidence from the Defendants been received.

Pursuant to the Local Rule 26.04 D.S.C., the parties will have ninety (90) days from the filing of the Defendants' Answer to conduct discovery in this case, following which either party may move for summary judgment if they desire to do so. However, at this point Plaintiff's motion is simply premature. Therefore, it is recommended that the Plaintiff's motion for summary judgment be **denied**, at this time, without prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 9, 2015
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

