IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael D. James, #294004, ) | Civil Action No. 9:14-4518-TLW-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| Daniel Cotter, D. Burcinski and S. Duffy, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

      This action was originally filed by the Plaintiff, pro se, in the South Carolina Court of Common Pleas. Plaintiff's Complaint was removed to this Court by the Defendants on November 25, 2014. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendants.

      The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on July 2, 2015. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on July 6, 2015, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a response in opposition to the Defendants' motion on July 21, 2015 together with a supporting "Supplement" on July 24, 2015, following which the Defendants filed a reply memorandum on July 31, 2015.

1



The Defendants' motion is now before the Court for disposition.[1]

**Background and Evidence**

Plaintiff alleges in his verified Amended Complaint[2] (see Court Docket No. 19) that on December 23, 2013, while housed at the Perry Correctional Institution,[3] he was in his cell working on a PCR application. Plaintiff alleges that the Defendant "contraband" Officer Burzinski along with other officers entered his cell and ordered Plaintiff and his cell mate out of the cell. Plaintiff and his cell mate were then directed to go to "Operation", where the Defendant Sgt. Cotter was waiting. Both prisoners were then told they were going to be placed in solitary confinement pending an "investigation". Plaintiff alleges that about twenty-five minutes later, Burzinski and Cotter reappeared with a push cart full of property that Cotter said had been removed from Plaintiff's cell. Plaintiff alleges that his property, including his legal materials, were in the cart along with the property of his cell mate. Plaintiff alleges that Cotter advised that the property would be separated and inventoried, and then placed into separate property bags.

Plaintiff alleges that he and his cell mate told the officers that it would be "impossible" for them to accurately separate their property outside of their presence because they would need to inform the officers which items belonged to who, but that Cotter and Burzinski refused

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

[3]Plaintiff is currently housed at the Ridgeland Correctional Institution.

2



to separate the property in the prisoners' presence. Plaintiff alleges that this was a violation of prison policy. Plaintiff and his cell mate were then escorted by other officers to the SMU (Special Management Unit).

Plaintiff alleges that after about two hours of being in solitary confinement, Burzinski opened the cell door and handed Plaintiff his legal box, mattress and other property items that are allowed in lockup. Plaintiff alleges, however, that most of his important legal documents were missing, "such as his sentencing sheets, sentencing transcript, motion of discovery, his indictments and the PCR application he was working on". Plaintiff alleges he wrote a "Request to Staff" form to Cotter as well as to his superior, the Defendant Captain Duffy, about his missing legal documents, but "after 60 days of receiving no reply, he filed a grievance". Plaintiff alleges that this grievance was returned to him unprocessed by the Grievance Coordinator (Hidenburg) because it did not have the Request to Staff Member form with response attached. Plaintiff alleges that Duffy was informed of Hidenburg's "staff actions", but that she (Hidenburg) "refused to rectify the situation and she refused to respond to Plaintiff".

Plaintiff alleges that he had a good chance of having his conviction and sentence overturned, and that due to the deliberate indifference of Cotter and Burzinski when seizing and inventorying his property, during which his legal documents were lost or destroyed, his constitutional right of access to the courts was violated. Plaintiff seeks monetary damages. See generally, Plaintiff's Verified Amended Complaint.

In support of summary judgment in the case, the Defendants argue, inter alia, that this case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. To this end, the Defendants have submitted an Affidavit from David Martinez,

3



Inmate Grievance Administrator with the South Carolina Department of Corrections, who attests that Plaintiff filed two grievances with respect to the events of December 23, 2013. Martinez attests that on December 30, 2013, Plaintiff filed Step One Grievance PCI-2215-13 (attached to his Affidavit as Exhibit A).[4] In this Grievance, which Plaintiff complains that Cotter and Burzinski refused to inventory his and his cell mate's property in front of the inmates in violation of inmate property inventory policy, and that now their property is "mixed up". Martinez attests that this grievance was returned unprocessed for failing to attempt informal resolution or including a Request to Staff form showing an informal resolution attempt, with Plaintiff being granted five (5) days to do so from the date of receiving a response to the Request to Staff form. Plaintiff thereafter filed a second Step One Grievance, No. PCI-491-14, on April 21, 2014 (a copy of which is attached to Martinez's affidavit as Exhibit B), in which Plaintiff again complains about how his property was inventoried and also stating that he was "now missing very important legal documents and other property due to contraband officers refusing to inventory my property in front of me". However, Plaintiff was again advised that he had failed to attach the required Request to Staff form while noting that he had already been instructed with respect to the proper procedure to follow in the response to his previous grievance. Plaintiff was also referred to the applicable grievance policy, and advised that since he had not followed the instructions of the Grievance Committee, his grievance was being returned "abandoned/closed". See generally, Martinez Affidavit, with attached Exhibits.

---

[4]This Court can take judicial notice from previous cases filed in this Court that, under the SCDC Grievance Procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident, and if a grievance is denied by the Warden (Step 1), the inmate may then appeal the Warden's decision by filing a Step 2 appeal with the Division Director of Operations. See Aloe Creme Laboratories, Inc. v. Francine Co, 425 F.2d 1295, 1296 (5th Cir. 1970); see also Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).



The Defendant Susan Duffy has also submitted an affidavit wherein she attests that she is a captain with the SCDC, assigned to the Perry Correctional Institution, and that on December 23, 2013 Plaintiff was placed in the SMU pending an investigation into attempts to smuggle contraband into the Institution. Duffy attests that Plaintiff was thereafter convicted of conspiracy to smuggle contraband on January 31, 2015. Duffy has attached a copy of the Disciplinary Report and Hearing record to her affidavit a Exhibit A. Duffy further attests that she does not recall receiving a Request to Staff from the Plaintiff concerning property, but if she had received a Request to Staff, she would have responded unless it was inappropriate or requested information that she could not answer. Further, in the event she did not have information to respond to the Request to Staff, she would have referred it to someone else who had that knowledge to respond. See generally, Duffy Affidavit, with attached Exhibit.

The Defendant Daniel Cotter has submitted an affidavit wherein he attests that he is a Lieutenant with the SCDC, assigned to the Perry Correctional Institution, and that on December 23, 2013 Plaintiff was removed from his cell pending investigation into a report of smuggling. Cotter attests that both Plaintiff and his cell mate were not present when their property was removed from the cell, but that they were given the opportunity to identify and have the property separated. Cotter further attests that he and the Defendant Burzinski prepared an Inmate Property Inventory for both inmates along with a Special Management Unit Authorized Property sheet. The Inmate Property Inventory lists all the property of the Plaintiff, while the Authorized Property sheet indicates the property Plaintiff took to the SMU. Cotter attests that Plaintiff signed the Inmate Property Inventory, which states: "I agree that this inventory form reflects all items of personal property and/or miscellaneous property belonging or issued to me, and that I have been furnished with a copy". The



document also contains Plaintiff's signature along with the statement: "I certify that I have received all of the items recorded on this inventory form, and that all items were returned to me in good order". Cotter has attached the Inmate Property Inventory and Authorized Property sheet to his affidavit as Exhibits A and B. Cotter attests that neither he nor Burzinski misplaced or lost any of the Plaintiff's property, which is documented on the Inmate Property Inventory. See generally, Cotter Affidavit, with attached Exhibits. The Defendant D. Burzinski has submitted an affidavit wherein he attests to these same facts. See generally, Burzinski Affidavit

As a "Supplement" to his response in opposition to the Defendants' motion, Plaintiff has submitted a "Declaration" in which he addresses the circumstances surrounding the removal and inventorying of his property on December 23, 2013, but does not address Defendants' evidence with respect to exhaustion of remedies. See generally, Plaintiff's Exhibit (Court Docket No. 69).

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal



construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exist. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds for the reasons set forth hereinbelow that the Defendants are entitled to dismissal of this case.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claim in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 549 U.S. 199 (2007). To meet this burden, the Defendants have submitted the sworn affidavit from Martinez as well as copies of Plaintiff's Step 1 Grievance forms, detailing Plaintiff's grievance history and showing that Plaintiff



failed to exhaust his administrative remedies with respect to the claim asserted in this lawsuit prior to filing this lawsuit. For his part, Plaintiff does not even contest that he never submitted the required Request to Staff Member form with either of his Step One Grievances, and that he never submitted a Step Two appeal of the denial of either of his Step One Grievances. See generally, Jordan v. Miami-Dade County, 439 F.Supp.2d 1237, 1241-1242 (S.D.Fla. 2006)[Remedies not exhausted where inmate did not appeal denial]; cf. Sullivan v. Coleman, No. 06-1588, 2006 WL 3759757, * 6 (D.S.C. Dec. 18, 2006)[Finding that inmate abandoned grievance where he failed to properly complete and return Step 2 Inmate Grievance Form]. However, Plaintiff states in his Complaint and argues in his response submitted in opposition to summary judgment (as well as in a "motion to strike" file August 20, 2015) that his initial Step One Grievance form was returned unprocessed because the Defendants had "refused to respond to Plaintiff Request to Staff forms",[5] and that he was informed in the response to his second Step One grievance that he could "no longer re-file upon the issue", and therefore these was nothing else he was required to do at the administrative level. This argument for being allowed to continue with this case is without merit.

        First, even if Plaintiff did not have a Request to Staff to submit with his Step 1 grievance because the Defendants would not return it to him (assuming for purposes of summary judgment that he did submit one, for which Plaintiff has provided no evidence), that does not excuse his failure to file a Step 2 grievance appeal contesting the Defendants' refusal to process his grievance. cf. Nally v. King, No. 12-128, 2013 WL 594709, at * 3 (N.D.W.Va. Jan. 3, 2013) ["Failure to receive a response is not an excuse for not moving to the next level of the grievance

---

[5]The Court is constrained to note that Plaintiff's initial Grievance was filed only seven (7) days after the incident at issue.



procedure"]; adopted by 2013 WL 593448 (N.D.W.Va. Feb. 15, 2013); Jordan, 439 F.Supp.2d at 1241-1242 [Remedies not exhausted where inmate did not appeal denial]; Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; Williams v. Reynolds, No. 12-138, 2013 WL 4522574 at * 4 (D.S.C. Aug. 27, 2013) ["Nevertheless, even if Plaintiff did file a Step 1 grievance that was returned unprocessed, there is no evidence that Plaintiff filed a Step 2 grievance or otherwise appealed the decision not to process the Step 1 grievance."].

Second, Plaintiff has submitted no evidence whatsoever to show that he ever even submitted a Request to Staff Member Form relating to this issue prior to submitting his Step 1 Grievance. See Harvey v. City of Philadelphia, 253 F.Supp.2d 827, 829 (E.D.Pa. 2003) [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge Defendants' evidence that he did not properly pursue his administrative remedies]. Plaintiff's unsubstantiated claim that the Defendants refused to answer his staff request is not "evidence" to allow the continuation of this lawsuit. Cf. Poe v. Bryant, No. 12-3142, 2013 WL 6158023, at * 2 (D.S.C. Nov. 21, 2013)[Holding that defendants satisfied their burden of showing a failure to exhaust administrative remedies with exhibits detailing the grievance process and showing that Plaintiff failed to exhaust this remedy, and that Plaintiff's contradictory statements in response, including that the Defendant would not provide him a grievance, were not sufficient to avoid summary judgment in light of the contrary evidence]; see also Nat'l Enters., Inc. v. Barnes, 201 F.3d 331, 335 (4th Cir. 2000)[Holding that a self-serving affidavit was insufficient to survive summary judgment]; King v. Flinn & Dreffein Eng'g Co., No. 09-410, 2012 WL 3133677, at * 10 (W.D.Va. July 30, 2012)[Finding no genuine issue of material fact where only evidence was "uncorroborated and self-serving testimony"], citing Villiarimo v. Aloha Island Air, Inc., 281 F.3d



1054, 1061 (9th Cir. 2002).

In sum, the evidence before the Court clearly shows that Plaintiff failed to exhaust the administrative remedies that were available to him at the prison with respect to his claim prior to filing this lawsuit. Therefore, the Defendants are entitled to summary judgment in this case. Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court - or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)); Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies]; Malik v. Sligh, No. 11-1064, 2012 WL 3834850, at * 4 (D.S.C. Sept. 4, 2012) ["A court may not consider, and must dismiss, unexhausted claims"].

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed,** without prejudice, for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit.

The parties are referred to the Notice Page attached hereto.

_____

August 26, 2015                             Bristow Marchant
Charleston, South Carolina       United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

